**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CV 14-2117-TUC-GMS (MHB) |
| Plaintiff, | ) ) | CR 11-2012-TUC-GMS |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| Valerano Jimenez-Marcial, | ) ) | |
| Defendant/Movant. | ) ) | |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Defendant/Movant Valerano Jimenez-Marcial, who is confined in the Giles W. Dalby Correctional Facility in Post, Texas, filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (CV 14-2117 ("CV") Doc. 1; CR 11-2012 ("CR") Doc. 57.)  Plaintiff United States of America (the "Government") filed a Response (CV Doc. 5), but despite having the opportunity to do so, Movant has not filed a reply.

**BACKGROUND**

In his Motion, Movant alleges four grounds of ineffective assistance of counsel as follows: (1) Movant's trial counsel was ineffective by failing to properly advise Movant of his constitutional rights, which resulted in an unknowing and involuntary guilty plea; (2) Movant's counsel was ineffective by failing to object to an unsupported allegation in the presentence worksheet in determining an aggravated felony; (3) Movant's counsel did not assure that there was an adequate factual basis for Movant's guilty plea; and (4) Movant's counsel failed to file a timely notice of appeal.

On July 15, 2011, Defendant pleaded guilty to an indictment charging him with Illegal Reentry, pursuant to 8 U.S.C. § 1326(a) (the "2011 Felony"). (CR Doc. 13.) Under the terms of the plea agreement, the parties entered into a detailed framework for determining Defendant's sentence. (Id. at 2-5.) In the plea agreement, Defendant expressly waived "any right to appeal ... and any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255 ... ." (Id. at 6.) Pursuant to the plea agreement, the Court sentenced Defendant to 21 months' imprisonment, and a 2-year term of supervised release. (CR Doc. 20.)

Two years later, on July 12, 2013, Defendant pleaded guilty to an additional Illegal Reentry violation (the "2013 Felony"), and admitted to violating his supervised release. (CR Doc. 44.) As with the 2011 Felony, Defendant pleaded guilty pursuant to a plea agreement, which provided sentencing terms for both the new felony and the violation of supervised release. In the 2013 Felony plea agreement, Defendant expressly waived "any right to file an appeal ... and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions)." The court sentenced Defendant to 33 months' incarceration for the 2013 Felony, with an eight-month consecutive sentence for violating his supervised release in the 2011 Felony. (CR Doc. 44.)

On March 24, 2014, Defendant filed an untimely notice of appeal in the 2011 Felony. Defendant failed to respond to the Ninth Circuit's Order to Show Cause; therefore, the Ninth Circuit dismissed Defendant's appeal as untimely.

**DISCUSSION**

The Government claims in its Response that pursuant to the plea agreement and record from the 2011 felony proceedings, Movant has waived Grounds Two, Three, and Four. As to Ground One, the Government contends that Movant "entered into the plea agreement knowingly and voluntarily," and in any event argues that Ground One has no merit.

**A.   Waiver of Grounds Two, Three, and Four**

The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must

indulge every reasonable presumption against waiver of fundamental constitutional rights. See United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004).

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. See United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

As part of his plea agreement, Movant made the following waiver:

> [t]he [D]efendant further waives: (1) any right to appeal the Court's entry of judgment against defendant . . .; and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case.

(CR Doc. 15 at 6.)  During Defendant's change of plea proceeding, the Court confirmed Movant's understanding of the plea agreement:

> THE COURT: As I read your plea agreement, it provides that if you plead guilty to this charge, you will face a range of sentences that range is from six to 87 months and your plea agreement provides that as long as Judge Jorgenson does not impose a sentence greater than 87 months, you agree to waive or give up any right you have to appeal that sentence. Is that your understanding of this plea agreement?
>
> THE DEFENDANT: Yes.

(RT 7/15/11 7-8; CR Doc. 60.)  Movant also indicated during the change of plea proceeding that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Id. at 2-11.) Movant indicated, among other things, that he understood: (1) the consequences of perjury (RT 7/15/11 3; CR Doc. 60); (2) his right to a jury trial (id. at 4); (3) his right to maintain his not guilty plea (id.); (4) his right to an attorney (id.); (5) the presumption of innocence (id.); (6) the Government's obligation to prove his criminal act beyond a reasonable doubt (id.); (7) his right to testify at trial (id. at 5); his right to cross-examine witnesses (id.); (8) his right not to testify, and that his silence could not be held against him (id.); (9) his waiver of his appellate rights or his ability to collaterally attack the judgment and sentence (id. at 7-8); (10) the statutory maximum sentences and fines for his crime (id. at 6); (11) the imposition and nature of supervised release (id.); (12) the mandatory special assessment (id.); (13) the collateral consequences to his immigration status by pleading guilty (id.) and (14) the nature of sentencing (id. at 7-9).

Movant's assertions in Grounds Two, Three, and Four of his § 2255 Motion pertain to counsel's alleged failure to: object to an unsupported allegation, assure that there was an adequate factual basis, and file a timely notice of appeal. In each of these grounds for relief,

1  Movant does not challenge the voluntariness of the waiver or his express waiver of the right
2  to bring a § 2255 motion. The Court accepted his plea as voluntarily made and Movant was
3  sentenced in accordance with the terms of the plea agreement. Consequently, the Court finds
4  that Movant waived Grounds Two, Three, and Four set forth in his § 2255 Motion. Thus,
5  the Court will recommend that Grounds Two through Four be denied.

**B.     Merits of Ground One**

In Ground One, Movant alleges that his trial counsel was ineffective by failing to properly advise him of his constitutional rights, which resulted in an unknowing and involuntary guilty plea.

The two-prong test for establishing ineffective assistance of counsel was set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. See id. at 689-90. To satisfy the second prong of the Strickland test, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id. at 697.

The Court, having reviewed the parties' submissions and the record in this matter, finds that even if Movant could demonstrate that he received objectively inaccurate advice as to his trial rights, which he fails to do, he cannot show that he was prejudiced. The record is clear that Movant was advised of his trial rights, at a minimum, during the change of plea proceeding:

> THE COURT: So are you pleading guilty today voluntarily because, in truth and in fact, you are guilty of this offense and for no other reason?

1  THE DEFENDANT: Yes.

2  THE COURT: Mr. Jimenez, I want to make sure you understand you don't have to plead guilty here today. You could maintain your non-guilty plea and if you did, your lawyer would continue to represent you at the trial in your case.

The trial in your case would occur before a randomly selected jury of 12 United States citizens.

Now, the jury in your case would not be able to reach a verdict unless every single one of those jurors agreed. In other words, it would have to be a unanimous verdict.

At your trial, you would be presumed not to have committed this offense and the prosecutor would have to prove that you did commit this offense by proof beyond a reasonable doubt.

The prosecutor would be forced to bring his witnesses and his evidence into the courtroom to present them to the jury hearing your case in your presence. Your lawyer could cross-examine these witnesses and challenge the Government's evidence.

You could also call witnesses, Mr. Jimenez, and you could use the subpoena power of the Court to compel these witnesses to come into the courtroom and testify. You could testify if you wanted to at your trial. You could get up on the witness stand where our court reporter is sitting this morning and you could explain to the jury hearing the evidence in your case what you believe to be the true facts.

But if you didn't want to testify, you wouldn't have to testify. And no one could force you to testify because you have an absolute right to remain silent. In fact, if you elected not to testify, the fact that you had not testified could not be considered by the jury hearing your case when they were evaluating where you were guilty or not guilty of the offense that you are charged with.

Do you understand that you have all of these rights?

THE DEFENDANT: Yes.

THE COURT: So you understand that you don't have to plead guilty here today unless you want to? The only reason - - let me rephrase that.

You understand you don't have to plead guilty here today. Instead, you could go to trial if you want to and have all of these rights. You understand those, don't you?

THE DEFENDANT: Yes.

THE COURT: All right. Do you understand if you do plead guilty, you're going to lose all of these rights and there's not going to be a trial in your case and you're going to have to answer all of my questions, so you're going to lose your right to remain silent?

THE DEFENDANT: Yes.

- 6 -

  THE COURT: Do you still want to plead guilty then?

  THE DEFENDANT: Yes.

(RT 7/15/11; CR Doc. 60.)

  Therefore, because there is no support, and ample contradictory evidence, for Ground One as set forth in Movant's Motion, the Court will recommend that Ground One be denied.

## CONCLUSION

  Having determined that Movant has waived or otherwise failed to satisfy the Strickland standard with respect to the claims asserted in his Motion, the Court will recommend that Movant's Motion to Vacate, Set Aside, or Correct Sentence be denied and dismissed with prejudice.

  **IT IS THEREFORE RECOMMENDED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1; CR Doc. 57) be **DENIED and DISMISSED WITH PREJUDICE**;

  **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right

1 to appellate review of the findings of fact in an order or judgment entered pursuant to the
2 Magistrate Judge's recommendation.  <u>See</u> Rule 72, Federal Rules of Civil Procedure.
3     DATED this 31st day of March, 2015.

*/s/ Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge